IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS TAYLOR, JR,

    Plaintiff,

vs.                                                                          CASE NO. 5:09CV234-SPM/AK

FLORIDA DEPARTMENT
OF CORRECTIONS, et al,

    Defendants.

                                       /

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the Department of Corrections failed to credit him with "CRD" and basic gain time resulting in his being held until October 17, 2001, 600 days past his true release date. (Doc. 4). These claims are the same claims Plaintiff raised in Taylor v. Department of Corrections, Case No. 5:07cv87-SPM/AK, which was dismissed as frivolous and for lack of jurisdiction. (See Doc. 10). Specifically, the Court held in that case that the statute of limitations had clearly run on any claims Plaintiff had relating to a miscalculated release date of October 17, 2001. See Clark v. Ga. Pardons and Paroles Bd, 915 F.2d 636, 641 n.2 (11th Cir. 1990)(expiration of limitations period warrants dismissal as frivolous).

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.

1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Further, in Case No. 5:07cv87 a final judgment was entered dismissing this cause for lack of jurisdiction, an appeal was filed and also dismissed, and Plaintiff's motion to reopen was denied.  (See Docs. 15, 28 and 31).  Thus, there has been a judgment on the merits and under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties and the same cause of action.  Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996).

After reviewing Plaintiff's filing history, he previously filed two cases which were deemed to be frivolous or failed to state a claim: Case No. 5:07cv87 and No. 5:08cv122.  This recommendation for dismissal will constitute a third strike, which if adopted will bar Plaintiff from filing future cases without first showing imminent danger of serious physical harm.  28 U.S.C. §1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc.4) be **DISMISSED** as frivolous and as barred by the doctrine of res judicata, and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C.

**No. 5:09cv234-SPM/AK**

§ 1915(e)(2)(B)(ii) and that this dismissal constitutes a third strike within the meaning of 28 U.S. C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this __2nd__ day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:09cv234-SPM/AK**